DANIEL C. REYNOLDS, RESPONDENT, *v.* EDMUND GUILBERT, APPELLANT.

*Contract — consideration of — what sufficient to support it.*

Plaintiff and defendant being the owners respectively of two pieces of property each adjoining another lot, and fearing that the latter would be so used as to injure their property, entered into an agreement by which the plaintiff agreed to buy the lot for $2,500, and the defendant agreed to pay him $100 for so doing. Plaintiff having purchased the lot, brought this action to recover the $100.

*Held,* that there was a good consideration to support the contract, and that it could be enforced.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury. A motion for a new trial was made on the minutes and was denied.

*Wm. F. Purdy*, for the appellant.

*L. T. Yale*, for the respondent.

BARNARD, P. J.:

The defendant requested the plaintiff to buy a lot adjacent to both parties, and which each feared would be purchased by some one who would use it so as to injure the property of each of the parties. He promised the plaintiff that if he would buy the land at $2,500, he would pay him, the plaintiff, $100. The plaintiff bought the lot at the price. The case was tried at the Circuit upon the issue whether a promise had been made by defendant to plaintiff. No question was made as to the liability of defendant in case there was a promise. The jury found for the plaintiff. The defendant now upon appeal first urges the objection that there was no legal consideration for the promise.

I think the case is not distinguishable in principle from *Van Rensselaer* v. *Aikin* (4 Barb., 547). In that case, several persons adjacent to a highway, agreed to pay to one of their number certain sums designated by them for the repair of the highway. The promise was held to be good upon two grounds: First, there was a sufficient consideration in the benefit to be derived from the work; and, second, it was a conditional promise, and the acceptance of the offer and performance of the condition established the liability; the gratuitous promise to pay upon condition became binding upon performance of the condition. The plaintiff has acted upon the faith of the promise, and has expended his money as he agreed to do, and the defendant's liability is fixed. (*Wayne and Ontario Collegiate Institute* v. *Smith*, 36 Barb., 584.)

Judgment should be affirmed, with costs

GILBERT, J., concurred, DYKMAN, J., not sitting.

Judgment and order denying new trial affirmed, with costs.